U.S. DISTRICT COURT
ESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 1 5 2015

TONY R. MOORE, CLERK
BY _____
            DEPUT

a

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**JOSEPH LEON PLUMMER (#69035-080)**      **DOCKET NO. 15-CV-2212; SEC. P**

**VERSUS**                               **JUDGE DRELL**

**WARDEN**                               **MAGISTRATE JUDGE KIRK**

## REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Joseph Leon Plummer. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He claims that his sentence is invalid in light of Johnson v. United States, -- U.S. --, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural Background*

Petitioner was convicted of was convicted of possession of a firearm by a convicted felon and possession of an unregistered firearm. [USDC No. 6:05-CR-218-1, W.D.Tx.] Petitioner was sentenced to 300 months imprisonment as to count one, and 120 months as to count two, to be served concurrently. [6:05-cr-218, W.D.Tex. Doc. #79] He filed a §2255 motion, and a subsequent unauthorized successive motion, which the district court denied. The Fifth Circuit Court of Appeals denied the motion for certificate of

appealability. [5th Cir. No. 14-50918]

Plummer has filed the instant petition pursuant to §2241 claiming that his conviction and sentence are invalid in light of Johnson v. United States, -- U.S. --, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

### Law and Analysis

Petitioner has already filed a §2255 motion, which was adjudicated on the merits. Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). _Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court_. Petitioner has not obtained permission from the appropriate Court of Appeals to file a successive 2255 motion.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as

the vehicle for attacking his conviction **if** it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under §2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a _retroactively applicable Supreme Court decision_; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.

Petitioner claims that Johnson applies retroactively to his case. However, the Fifth Circuit has held that although Johnson announced a new rule of constitutional law, it was not a "watershed rule" that applies retroactively. See In re Williams, 806 F.3d 322,

3

325 (5th Cir. 2015). Thus, because the Fifth Circuit has determined that <u>Johnson</u> does not apply retroactively, Petitioner cannot establish that he meets the savings clause. Therefore, the instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction. See <u>Christopher v. Miles</u>, 342 F.3d 378 (5th Cir. 2003).

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction to consider Petitioner's claim.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 15th day of December, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE